KWAST *v.* CORNWALL.

AUTOMOBILES—INTERSECTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SPEED.

> Findings of trial court in nonjury case that southbound defendant motorist had stopped before entering T-intersection with US highway on which plaintiff motorist was eastbound, that defendant at no time obstructed plaintiff's right-of-way, that defendant was not shown to have been negligent, and that plaintiff was guilty of contributory negligence in losing control of his car which eventually hit a tree without having touched defendant's car, *held,* not against the clear preponderance of the evidence.

Appeal from Cass; Anderson, Jr. (David), J. Submitted April 8, 1964. (Calendar No. 18, Docket No. 50,420.) Decided June 1, 1964.

Case by Edward Kwast against Fleeta Cornwall for personal injuries sustained when his automobile went out of control while attempting to avoid

REFERENCES FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic §§ 1012–1017.

collision.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*James Thomas Sloan, Jr.,* and *Jerry J. O'Connor,* for plaintiff.

*James E. Hoff,* for defendant.

BLACK, J.   October 5, 1961 plaintiff was driving easterly on US-112 in Cass county.   Cresting a hill as he said, some 623 feet west of the point where north to south Beebe road ended in a T-intersection with US-112, plaintiff saw defendant's southbound car stopped, on Beebe road, a few feet north of the north edge of the pavement of US-112.   He testified:

"Then I continued down the hill, not alarmed by anything of course and then when I got to a distance of 150 feet, the car started moving to the highway and shortly thereafter, within 50 or 75 feet of that, I swerved as quickly as I could of course, to get off of the highway or get out of her way because it looked to me as if she was coming right over into my lane and the car slid and I started to slide.   I lost control of the car and evidently hit the tree."[1]

Measurements made by investigating officers showed that plaintiff's car left the pavement of US-112 sixty-one feet west from the center of the inter-

---

[1] Plaintiff testified further:

"*Q.* There wasn't anything about the mechanical part of the car that caused you to lose control of it, was it?

"*A.* No.

"*Q.* It was just the fact that you had swerved so violently that caused you to lose control?

"*A.* And the fact that the berm of the road was loose gravel and by sliding, caused you to lose control.

"*Q.* It was the human element, the driver and the lay of the land that caused you to—

"*A.* Yes.

"*Q.* And not the operating condition of the car?

"*A.* Right."

section, that it traveled 162 feet along and near the south shoulder of US-112, then 90 feet on the pavement of US-112, and then 90 feet along the north shoulder of US-112 until it struck a tree. Then the car spun around and came to rest some 21 feet "beyond" the tree. There was no contact between the 2 cars.

Plaintiff's ensuing suit for negligence was tried to the court. The main dispute developed over the claimed movement of defendant's car after it had come to a stop—as presently indicated—short of the pavement of the trunk line. What if anything defendant did, after her car thus was stopped, and whether she did drive toward or upon the pavement of the trunk line at a time and in such manner as to indicate emergency action on the part of an oncoming and allegedly nonnegligent motorist, became the prime center of controversy.

Judge Anderson related the following essential findings as support for his conclusion that plaintiff had failed to show, by fair preponderance, that the defendant driver was negligent:

"The principal factual dispute concerns the nature and extent of the movement of defendant's car after she stopped in the vicinity of the stop sign. Defendant says she stopped from 5 to 7 feet north of the north edge of the pavement of US-112. She is supported by Paul Parrish, a deputy sheriff, who talked to defendant after the accident and placed her car 4 to 6 feet north of US-112; by John Snyder, village marshal, who observed her car off the road (US-112); by Henry Funk, a deputy sheriff, who placed the car 6 to 7 feet north of US-112; and by Richard Scoval, who witnessed the accident and placed defendant's car at about 1 foot north of US-112.

"Plaintiff claims that he saw defendant when he broke over the crest of the hill 623 feet west of Beebe road and that she was stopped about 10 feet north of

US-112. He says that he next observed defendant's car when he (plaintiff) was 150 feet west of the intersection and that it was then about half way across the westbound lane and moving. He testified that as he went past the front of defendant's car it was approaching the center line of US-112.

"Plaintiff's testimony is supported in varying degrees by Irving Crawford, who was following defendant on Beebe road and says that defendant went about half way into the westbound lane of US-112; and by Harold Brooks, who says that after the accident defendant's car was about 1 foot onto US-112.

"Although Beebe road intersects US-112 on a slight upgrade, no witness testified that defendant's car backed up after the accident. The preponderance of the evidence establishes that defendant's car encroached very little, if any, onto US-112. In any event, it is clear that her car did not enter the eastbound lane of US-112 and that in fact, therefore, she did not obstruct plaintiff's right-of-way.    *    *    *

"The court finds that defendant did not come onto US-112 far enough, or in such a manner, that she should have anticipated plaintiff's violent reaction or the tragic consequences thereof. Plaintiff has not established that defendant failed to proceed with caution and has, therefore, failed to prove, by a preponderance of the evidence, that defendant was negligent."

Then, turning to the question of contributory negligence, the judge summarily concluded:

"If we were to accept plaintiff's version of the accident and defendant's part therein, and find that defendant was negligent in driving onto US-112 as plaintiff claims, a further conclusion that plaintiff's recovery is barred by contributory negligence is inescapable."[2]

---

[2] During the course of his opinion Judge Anderson referred to the trunk line both as "US-12" and "US-112." He was referring, of course, to US-112 extending east-west through the southerly part of Cass county.

No persuasive reason for disagreement with such findings has been made to appear and we are unable to say that they offend the "clear preponderance" rule. The circuit court's judgment must therefore be affirmed. It is so ordered, with costs to defendant.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.